UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLTON LAMONT CHANEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-01624-JMS-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Carlton Lamont Chaney for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

A jury convicted petitioner Chaney of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (count one); carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (counts 2 and 4); and taking a motor vehicle by force and intimidation (carjacking), in violation of 18 U.S.C. § 2119(1) (count 3). A subsequent jury convicted Mr. Chaney of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). 1:97-cr-0068-JMS-TAB-1; *see Chaney v. United States*, 101 Fed.Appx. 160, 162 (7th Cir. 2004). On March 5, 1998, he was sentenced to an aggregate sentence of 430 months' imprisonment. *Id*.

The Seventh Circuit recounted the application of the Sentencing Guidelines in Mr. Chaney's criminal case as follows:

> In calculating the guideline range for armed bank robbery, see 18 U.S.C. § 2113(a), (d), the district court increased the offense level by two for obstruction of justice based upon Chaney's flight from police following the robbery. In calculating the guideline range for possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1), the district court increased the offense level by four because Chaney possessed the gun in connection with the Indiana felony offense of resisting arrest with a firearm because he waved the gun toward police as he fled, see U.S.S.G. § 2K2.1(b)(5). In addition the court added three levels in calculating the range for the § 922(g)(1) offense under the "official victim" guideline, id. § 3A1.2, because Chaney assaulted the officers.

*Chaney*, 101 Fed.Appx. at 162.

His convictions were affirmed on appeal. *United States v. Chaney*, No. 98-1655, 165 F.3d 33, 1998 WL 789891 (7th Cir. Oct. 23, 1998) (unpublished).

Mr. Chaney sought relief pursuant to 28 U.S.C. § 2255 in 2002 on ineffective assistance of counsel grounds, and again in 2005 on multiple grounds. Additionally, Mr. Chaney has filed numerous unsuccessful 28 U.S.C. § 2241 petitions. *See, e.g., Chaney v. Cross*, No. 13-cv-223-CJP, 2014 WL 1041036 (S.D. Ill. Mar. 18, 2014); *Chaney v. United States*, No. 07-cv-575-MJR, 2008 WL 818565 (S.D. Ill. Mar. 21, 2008); *Chaney v. O'Brien*, No. 7:07-cv-00121, 2007 WL 1189641 (W.D. Va. Apr. 23, 2007); *Chaney v. O'Brien*, No. 7:06-cv-00120, 2006 WL 4595798 (W.D. Va. Mar. 7, 2006). Most recently, the Southern District of Illinois denied another § 2241 petition on November 16, 2017, rejecting Mr. Chaney's claims under *Rosemond v. United States,* 134 S.Ct. 1240 (2014). *Chaney v. Cross,* 3:15-cv-00211-DRH-CJP, 2017 WL 5483630 (S.D.Ill. Nov. 16, 2017). Mr. Chaney has filed a notice of appeal in that case.

On June 23, 2016, the Seventh Circuit authorized this successive motion under § 2255, allowing Mr. Chaney to argue that he is entitled to relief under *Johnson v. United States,* 135 S.Ct. 2551 (2015), made retroactive by *Welch v. United States,* 136 S.Ct. 1257 (2016).[1] The

---

[1] This Court denied Mr. Chaney's request to supplement his claim to add a claim under *Rosemond. See* Dkt. 27. As noted, the Southern District of Illinois denied his *Rosemond* claim in a § 2241 petition in

United States has responded to Mr. Chaney's claim, and Mr. Chaney has replied. The action is ripe for resolution.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation omitted).

The Armed Career Criminal Act, 18 U.S.C. § 924(e), "requires longer sentences for persons convicted of three or more violent felonies or serious drug offenses." *Stanley v. United States,* 827 F.3d 562, 564 (7th Cir. 2016). The Supreme Court held in *Johnson,* 135 S.Ct. 2551, that the residual clause of § 924(e)(2)(B)(ii), which states "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague.

As noted, Mr. Chaney argues that, in light of *Johnson*, he is innocent of the use of a firearm conviction under § 924(c) in count 2. In other words, Mr. Chaney argues that his conviction for carrying a firearm during a crime of violence is invalid because his conviction for armed bank robbery falls under the residual clause of § 924(c). The Seventh Circuit has, in fact,

---

November 2017. In addition, this Court reminded Mr. Chaney in the same Entry, dkt. 27, that the only claim authorized as successive in this case is the *Johnson* claim.

extended *Johnson* to the residual clause of § 924(c), *United States v. Cardena,* 842 F.3d 959 (7th Cir. 2016), even if at this time it is in the minority. *See Diaz v. United States,* 868 F.3d 781, 783 (8th Cir. 2017).

Nonetheless, "[a] person may commit the federal crime of bank robbery 'by force and violence, or by intimidation.'" *United States v. Williams,* 864 F.3d 826, 827 (7th Cir. 2017) (quoting 18 U.S.C. § 2113(a)). The Seventh Circuit has held that the federal crime of bank robbery, even if the conviction rests on "the least serious acts that would satisfy the statute," *i.e.,* by intimidation, qualifies under the "elements" clause, not the residual clause, of the statutory definition of a "crime of violence" under 18 U.S.C. § 924(c). *Williams,* 864 F.3d at 828; *see also United States v. Armour,* 840 F.3d 904, 907-08 (7th Cir. 2016). Because Mr. Chaney's underlying conviction for armed bank robbery qualifies as a violent felony under the elements clause of § 924(c), he is not entitled to relief under *Johnson* or *Cardena.*

### *Denial of Hearing*

An evidentiary hearing is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). That is the case here. A hearing is not warranted under these circumstances.

### *Conclusion*

The foregoing shows that Mr. Chaney is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Chaney has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:97-cr-0068-JMS-TAB-1.**

**IT IS SO ORDERED.**

Date: 4/16/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Carlton Lamont Chaney Sr., #04860-028
FCI Gilmer
Inmate Mail/Parcels
P. O. Box 6000
Glenville, WV  26351

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov